**SCHOTT AUCTION COMPANY, Appellant, v. BOWERS, Tax Commissioner, Appellee.**

Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 33702.   Decided July 10, 1957.

Bernard C. Fox, Cincinnati, for appellant.

William Saxbe, Atty. Genl., by Chester Hummell, Asst. Atty. Genl., for appellee.

### OPINION

This appeal is from a final order of the Tax Commissioner, under date of December 6, 1956, in and by which appellant taxpayer's application for a review and redetermination of an increased tangible personal property tax assessment for the tax year 1954 was denied.

The cause now comes on for further and final consideration upon appellant's notice of appeal, the commissioner's transcript and order made, the record of a hearing had before this board on April 8, 1957, certain exhibits and briefs of counsel.

Appellant was incorporated on December 10, 1947.  It operated a wholesale used car auction for several years.  In 1951 it ceased its operation of auctioning used cars and thereafter had no inventory of used cars.  On or about June 6, 1954, it acquired an inventory of used automobiles for the purpose of re-engaging in the auctioning off of used cars.  Sales thereof were made prior to July 1, 1954.  From 1949 up to 1951, it filed personal property tax returns.  These returns covered inventory held during that period.  From 1951 to June 6, 1954, it continued to file personal property tax returns, showing certain office furnishings and certain intangible property, such as accounts due it, and paid the tax assessed thereon.

The Commissioner's increased assessment of which appellant complains consists of its used car inventory held during the last six months of 1954. The question is: Is this inventory taxable in the year 1954?

Sec. 5711.03 R. C., is the general section providing for the listing of property. It provides in part:

"* * *. When a person becomes a taxpayer between the first day of July, in any year, he shall list all his taxable property as to ownership and taxing districts as of the date when he becomes such taxpayer, and as to valuation as of the next preceding first day of January, * * *: but a person engaging in business between the first day of January and the first day of July in any year shall list the probable average amount of personal property intended to be used in business by him until the first day of January next thereafter."

Sec. 5711.15 R. C., deals with, as its title indicates, the "Valuation of merchandise offered for sale." This section reads:

"A merchant in estimating the value of the personal property held for sale in the course of his business shall take as the criterion the average value of such property, as provided in this section of the Revised Code, which he has had in his possession or under his control during the year next previous to the time of making such statement, or the part of the year during which he was engaged in business. Such average shall be ascertained by taking the amount in value on hand, as nearly as possible, in each month of the next preceding year in which he has been engaged in business, adding together such amounts, and dividing the aggregate amount by the number of months that he has been in business during such year."

"As used in this section a 'merchant' is a person who owns or has in possession or subject to his control personal property within this state with authority to sell it, which has been purchased either in or out of this state, with a view to being sold at an advanced price or profit, or which has been consigned to him from a place out of this state for the purpose of being sold at a place within this state."

We have set forth these two sections for the particular reason that, "it is the contention of the appellant that the person referred to in the last part of the last sentence of §5711.03 R. C., to-wit: the person engaging in business between the first day of January and the first day of July, refers to those persons who became taxpayers between the first day of January and the first day of July in any year. If it is contended that such language refers to persons other than those becoming taxpayers between said stated periods, then such language would be in direct contradition of the language above quoted from §5711.15 R. C., and would throw the administration of the Personal Property Tax Law into utter confusion."

Appellant says that it did not become a taxpayer during the first six months of 1954, but that it was a taxpayer prior thereto, that is to say, that it was a taxpayer as of January 1, 1954, and as such made its return as the law required, and paid its tax thereon as assessed for the year 1954, hence it can not be further taxed in that year.

When appellant retired from the merchandising field in 1951, it

ceased to be a merchant. It thereafter, until June 6, 1954, was not required by law to pay any taxes as a merchant during that period. The taxes that it paid during that period was a tax on intangibles under the provisions of §5709.02 R. C., which prescribes that every person, which includes a corporation, must pay annually, whether that person is a merchant or not. The mere fact that appellant was authorized to engage in owning and selling used cars does not constitute it a merchant during the period of 1951 to 1954. What it was actually doing during that period determines its classification. See **Midwest Haulers v. Glander, 150 Oh St 402 (406), 38 O. O. 261 (263).** What its activity was prior to that period is of little more than historical moment.

On or about June 6, 1954, it elected to engage in business as a merchant. This being done prior to July 1, it became amenable to the provisions of §5711.03 R. C., with which it must comply. We think the question made is a rather captious one. We perceive no insurmountable contradiction as claimed. The Commissioner's order must be and is hereby affirmed.